## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANITRA LINZY**<br>*on behalf of the estate of*<br>**CYNTHIA GREEN**<br>7610 Fontainebleau Dr. #155<br>New Carrollton, MD 20785<br><br>*Plaintiff,*<br><br>v.<br><br>**MEDSTAR WASHINGTON**<br>**HOSPITAL CENTER**<br>110 Irving St. NW<br>Washington, D.C. 20010<br>*Defendant* | Civil Action No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH

**COMES NOW** your Plaintiff, ANITRA LINZY (on behalf of the estate of CYNTHIA GREEN), by and through her undersigned counsel, Andrew Clarke, Esquire and A. Clarke Law, PLLC, hereby submits this Complaint against Defendant, Medstar Washington Hospital Center ("Defendant"), and alleges the following based on (a) personal knowledge and experience, (b) the investigation of counsel, and (c) upon information and belief and in support thereof, states as follows:

## INTRODUCTION

This is a civil medical malpractice action (hereinafter, "action") seeking damages against the Medstar Washington Hospital Center for the Wrongful Death of Cynthia Green, deceased, brought pursuant to District of Columbia Code § 16-2701 (wrongful death), §16-2702 (party plaintiff and statute of limitations) and District of Columbia Code §16-2801, et seq. (medical malpractice).

### A.   PARTIES

1.  The Plaintiff, Ms. Anitra Linzy, the daughter of the decedent and representing the estate of the decedent, Ms. Cynthia Green, is a domiciliary and resident of Glen Burnie, Maryland.

2.  The decedent, Ms. Cynthia Green, born June 5, 1954, was also a domiciliary and resident of Glen Burnie, Maryland at the time she was admitted to MedStar Washington Hospital Center.

3.  Defendant, Medstar Washington Hospital Center, hereinafter, "MWHC" or "Defendant", is a corporation and private hospital in Washington, D.C. with its principal place of business located in Washington, D.C., and a member of non-profit healthcare organization, MedStar Health.

4.  At all times relevant, MWHC held itself out to the public on its website with promises including, that MWHC is "an indispensable provider of complex patient care for the region" and that "the Hospital Center is renowned for handling the region's most challenging cases in such areas as trauma, burn, cardiovascular disease, stroke, cancer, and neurosurgery".

5.  At all times relevant, MWHC held itself out to the public, to the Plaintiff, and the Decedent as a healthcare organization that institutionally possessed that degree of skill, expertise, knowledge, and ability ordinarily possessed by reasonably prudent and competent health care providers in the District of Columbia, including hospital administration, neurologic and neurosurgical, hospital medicine, nursing, therapy, and pharmaceutical services.

6.  Defendant MWHC is an organization that includes health care providers who are employees and/or agents, including attending physicians, resident physicians, fellows, pharmacists, nurses, therapists, and discharge personnel, all of whom are licensed to provide medical, pharmaceutical, therapy, and nursing services in the District of Columbia, including but not limited to Christopher T. Gibson, M.D., Rosemarie Rollins-Folks, M.D., Fnu Lubaina, M.D.,Tayebah Murritaz, M.D.., Daniel J. Wallach, M.D., Dr. Azhar M. Shamas, M.D., Lingling Liu, M.D., Dr. Harpreet Bhutani, M.D., Cardiologist Khalid Ashai, Dr. Matty Mathivannan, Internal Medicine, Dr. Ziad Alkhouri, M.D., Jagdeep Singh Obhrai, M.D., Mohammad Asgar Khan, M.D., Judith H. Veis, M.D., Clint S. Pettit, M.D., Momina Mazhar, M.D., Mishal Talish, M.D., Whitney Gao, M.D., the prescribing pharmacists, nurses, and medical personnel. At all times relevant to this Complaint,

MWHC acted through its actual and/or apparent agents, servants, and employees, all of whom acted within the scope of their authority and/or agency or employments in providing services to Cynthia Green.

## B.  JURISDICTION AND VENUE

7.   The Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 6 as though fully set forth herein.

8.  This Court has jurisdiction over the Plaintiff's action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 because (1) a substantial part of the events and omissions giving rise to the claims alleged herein occurred in the District of Columbia, (2) the Defendant transacts business in the District of Columbia and (3) the Defendant has caused tortious injury in the District of Columbia by an act in the District of Columbia.

## C.  FACTUAL BACKGROUND

10. The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 9, as though fully set forth herein.

11. On January 23, 2021, Ms. Cynthia Green went to MedStar Washington Hospital Center for treatment of asthma.

12. That same day, Ms. Green, was admitted to MedStar Washington Hospital Center, "MWHC".

13. Upon Ms. Green's arrival to MWHC, she was tested for various potential aliments and diseases, including Covid-19.

14. According to Ms. Green's medical records, on January 23, 2021, Ms. Green tested negative for the Covid-19 virus.

15. As Ms. Green was also a dialysis patient, medical personnel routinely tested Ms. Green for Covid-19 and she continued to test negative.

16. Upon Ms. Green's admittance to MWHC, Ms. Green was treated for her asthma and communicating frequently with her daughter, Ms. Linzy.

17.  Within the first seven days of Ms. Green's hospital stay at MWHC, Ms. Green was incorrectly placed into a room with an elderly patient who tested positive for Covid-19 and

had been undergoing Covid-19 treatment for approximately eighteen (18) days.

18. On January 30th, 2021, seven days after she tested negative for Covid-19, Ms. Green began to test positive for Covid-19 while admitted as a patient at MWHC.

19. By February 4th, 2021, Ms. Green's medical records, specifically page 430 of the same, show that Ms. Green was diagnosed with Covid-19 pneumonia.

20. On February 6th, 2021, Ms. Green, according to her medical records, reported to her doctors that she was anxious, worried about her illness, and "was worried that her family was worried". Ms. Green also requested to speak with the Chaplain that day.

21. On February 10th, 2021, Ms. Green's medical provider noted in her medical records that Ms. Green's breathing was characterized as "wheezing and expiratory".

22. On February 16th, 2021, Ms. Linzy, Ms. Green's daughter, received a phone call from a nurse at MWHC that her mother was septic, in ICU and was likely going to die that day.

23. Also on February 16th, 2021, according to Ms. Green's medical records, specifically page 496 of the same, Ms. Green was characterized as "dying and any active resuscitation efforts are ongoing but failing".

24. Also on February 16th, 2021, according to Ms. Green's medical records, specifically page 506 of the same, the attending physician noted that even after a rapid response was requested and Ms. Green was unable to breath, the attending physician assessed Ms. Green from outside of the room "because the physician was pregnant and concerned for her own safety because Ms. Green was Covid-19 positive."

25. As Ms. Green was on a ventilator machine for purposes of life support, the attending physician in a discussion with Ms. Linzy, attempted to convince Ms. Linzy to agree to take her mother off of life support as Ms. Green's situation was unlikely to improve.

26. Ms. Green's medical records state that Ms. Green was discharged on February 16, 2021, however, Ms. Green passed away at MWHC as reflected in her medical records on page 512.

27. Ms. Green's medical records indicate that her cause of death was Covid-19 pneumonia, a sickness unrelated to her reasons for admittance to MWHC ,and a disease that she tested negative for on several occasions upon admittance to MWHC.

28. After Ms. Green's unfortunate passing, her daughter, Ms. Linzy, attempted to locate her belongings and found that money from Ms. Green's purse had been removed.

29. Ms. Linzy has attempted to reach out to the appropriate hospital staff for assistance, and to date, Ms. Linzy has not received a response.

### D.   ALLEGATIONS OF PROFESSIONAL NEGLIGENCE

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 as fully set forth herein.

31. Plaintiff further alleges that Defendant, MWHC, institutionally and by and through its employee/servant/agent healthcare providers, had a duty to provide the decedent, Ms. Cynthia Green, with the medical care and treatment consistent with applicable standards of care under the same or similar circumstances.

32. Plaintiff further alleges, on behalf of the decedent, that Defendants, MWHC, institutionally and through its agents, servants and/or employees, violated the national standards of care as practiced by reasonably competent hospitals and practitioners under the same or similar circumstances, and, as a direct and proximate result, the decedent, Ms. Cynthia Green, suffered extreme physical and emotional pain, mental anguish, permanent mental deficits, and damages, including death.

33. Plaintiff further alleges that the breach of the National Standard of Care omitted by Defendant, MWHC, and its agents, servants and/or employees of MWHC, included, but are not limited to:

   a.  Negligently exposing Ms. Green to COVID-19;

   b.  Failing to properly care for Ms. Green after she was diagnosed with Covid-19 out of fear for the safety of the Defendant's employees and medical staff;

   c.  Failing to have proper Covid-19 procedures in place to protect Ms. Green, including the failure to have proper medical instructions available;

   d.  Defendant was otherwise negligent.

34. But for the negligence of the Defendant, Ms. Green would not have contracted the virus while in the care of Defendant, MWHC.

35. As a result of Defendant's professional negligence and breach of duty of care, Ms. Green prematurely passed away from complications related to COVID-19.

36. Additionally Defendant, MWHC, directly and through its actual and/or apparent agents, servants, and employees, failed to act as a reasonably competent, similar health care

provider would have acted in the same or similar circumstances, breached its duties under the applicable standards of care and was negligent in the following ways, among others:

    a. Failing to adequately train, supervise, and instruct its agents, servants and employees;

    b. Failing to establish and/or enforce and/or follow appropriate policies, procedures, and/or protocols;

    c. Failing to establish and/or follow and/or enforce appropriate policies, procedures and practices to address properly the needs of patients in similar circumstances as Ms. Green;

    d. Failing to adequately credential, train, supervise, and instruct their agents, servants and employees;

    e. Performance of other negligent acts or omissions in the care of Ms. Green.

## E.   DAMAGES AND MONETARY RELIEF

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36 as fully set forth herein.

38. To date, MWHC has not attempted to mitigate damages to Ms. Green or to Ms. Green's estate in any regard.

39. Plaintiff, as a patient of MWHC, entrusted her health and recovery to Defendant, MWHC, and its employees, servants, and agents.

40. Under the doctrine of *Respondeat Superior*, the Defendant, MWHC, is responsible and liable for the professional negligence, acts, and omissions of their employees, servants, agents and medical staff.

41. As a direct and proximate result of the foregoing negligence on the part of the Defendant, MWHC, and its employees, agents, and assigns, Ms. Green passed away.

42. Defendant(s) breached their duty of care to Ms. Green by failing to ensure that she would be shielded from contracting the deadly Covid-19 virus.

43. As a result of Defendant's breach, Ms. Green unfortunately suffered premature death, leaving the representative of her estate, her daughter, Ms. Anitra Linzy, to bring forth this action on her behalf.

## **PRAYER FOR RELIEF**

**WHEREFORE,** your Plaintiff, Ms. Anitra Linzy on behalf of the estate of Ms. Cynthia Green, hereby respectfully prays for judgment as follows:

1. That this Court determine that Defendant's professional negligence caused the wrongful death of Ms. Cynthia Green;

2. That this Court determine that Defendant and its employees and agents breached their duty of care by failing to ensure that Ms. Green would not contract Covid-19 while a patient at their medical facility;

3. That this Court award damages in the full and just amount of Ten Million ($10,000,000) dollars in compensatory damages, plus interests and cots.

4. That this Court award any and all equitable relief due to Ms. Green's estate as a result of Defendant's professional negligence and breach of duty of care;

5. That this Court award punitive damages against Defendant in an amount to be proven at trial;

6. That this Court award pre-judgment interest, attorneys' fees, accounting costs and any Courts costs incurred herein as a result of the need of Ms. Green's estate to maintain this action; and

7. That this Court award any such other and further relief as it may deem just and proper.

**PLAINTIFF DEMANDS A TRAL BY JURY**.

Respectfully Submitted,

**ANITRA LINZY**
(*Representative of the Estate of* **CNYNTHIA GREEN**)

By Counsel

Date:   June 17, 2022

/s/ Andrew O. Clarke
Andrew O. Clarke, Esquire
**A. CLARKE LAW, PLLC**
DC Bar ID: 1032649
163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: 202.780.9144
E: a.clarke@aclarkelaw.com
*Counsel for Anitra Linzy*